No. 13,241.

PORTER THOMPSON COMPANY ET AL. *v.* KISTLER.
(32 P. [2d] 191)

Decided April 9, 1934. Rehearing denied May 7, 1934.

Mr. RALPH W. McCRILLIS, Mr. ROBERT H. SCHAPER, for plaintiffs in error.

Mr. P. M. KISTLER, pro se.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE original complaint in this action filed by P. M. Kistler named Porter A. Thompson as sole defendant. This action is equitable in its nature and the principal relief sought is a decree for specific performance of a contract concerning real estate which was entered into between Kistler and Porter A. Thompson in the latter's individual capacity. At some stage in the proceedings, and before final judgment, the Porter Thompson Company, a corporation, was, by order of the court and on the application of the plaintiff Kistler, made a party defendant. Although it adds to the length of the opinion we think a summary of the allegations of the complaint is the best way to present the real nature of the controversy.

For a considerable period of time prior to April 21, 1931, plaintiff Kistler and defendant Thompson had been engaged in various business transactions, the exact nature of which we have been unable to determine, but one thing is certain, that plaintiff was from time to time lending money to Thompson, which the borrower was unable to repay. In the month of April, 1931, Kistler wrote a letter to Thompson in which, among other things, he said that in compromise and settlement of the then existing differences between them, he, Kistler, submitted to Thompson a proposition in which, among other things,

Thompson was to return to Kistler certain abstracts of title to certain lands described in a certain deed of trust securing to one "Coyle" a note which subsequently it seems that the plaintiff Kistler had acquired or held as collateral security for a loan which he had made to Thompson. By this compromise arrangement Thompson was to assign to Kistler all of Thompson's rights in leases upon state lands which at the time stood on the record in Thompson's name. Kistler also demanded that a specified judgment in his favor which he already had recovered against Thompson should be reduced to $20,-000; and that certain lands described in the "Coyle" deed of trust securing the Coyle note, which was held as collateral by Kistler, and leases used in connection therewith, were to be assigned and delivered to Kistler as further collateral on Thompson's specified note to Kistler. Certain deeds of trust on lands of which Thompson seems to have been the trustee or mortgagee were also to be assigned to Kistler as further security of Thompson's note to him. There was another provision that a certain $30,000 note from Thompson to Kistler, upon which accrued interest had not been paid, and certain taxes on certain real estate included in a mortgage securing said note, were also to be paid, and certain leases were to be transferred as to Thompson's interest therein to Kistler. The letter further provided that if Thompson should accept the proposition, he, Kistler, would release the lien of a judgment against Thompson which he held amounting to about $24,000.

Upon the same day that this letter of Kistler was written to Thompson, the latter accepted Kistler's offer of compromise and settlement hereinabove outlined with some slight variations which were acceptable to Kistler. To this letter of Thompson accepting Kistler's proposition of compromise, Kistler wrote a further letter on April 21, suggesting slight modifications or exceptions, which were agreed to by Thompson. There was some

additional correspondence between the parties before the contract was finally concluded, but it does not qualify or detract from the foregoing statement. Thompson, however, according to the allegations of the complaint, did not, within the time specified, or at all, comply with the covenants of the contract which he thus entered into with Kistler and the latter thereupon demanded of Thompson, because of his failure thus to perform the contract, that he should return the abstract of title to the so-called "Coyle" lands, and should reduce plaintiff's judgment against him to the sum of $20,000, and because of failure in all other respects to comply with the contract, the plaintiff Kistler again demanded of Thompson that he specifically carry out and perform the various promises which he had made to the plaintiff, which Thompson failed to do.

Plaintiff in his complaint asks for judgment against the defendant substantially as follows: That Thompson be required to return to plaintiff the "Coyle" abstracts of title; to reduce the plaintiff's judgment of about $23,000 against him to the sum of $20,000 as provided in the contract itself; that defendant be required to assign and deliver to plaintiff, to be reissued by the state board of land commissioners, to and in the name of the plaintiff, the state leases which stand of record in the name of the defendant to certain described tracts of land. A further prayer for relief against defendant is that if and when he has reduced the plaintiff's judgment against him to the sum of $20,000, within a certain time to be fixed by the court, that the defendant Thompson shall also make and deliver to plaintiff his promissory note for $20,000, payable on or before two years after May 1, 1931, together with interest thereon, and to secure the payment of such note by first deeds of trust on three separate parcels of land in the counties of Lincoln, Otero and Crowley which the defendant at the time owned. Further demands by the plaintiff against Thompson for

the payment of various other notes which he had given to Kistler were also sought to be included as part of the relief prayed for in this action.

To this complaint Thompson filed his answer denying some of its allegations and sought to explain away or qualify certain other of its allegations. A material part of this answer, and about the only !part that is important, is to the effect that the various negotiations and dealings between plaintiff Kistler and Porter A. Thompson had really been carried on by Field Thompson, the son of Porter A. Thompson, Field Thompson representing his father in such negotiations with the consent and approval of the father. The answer says that Field Thompson was not familiar with the description of the lands owned by the defendant and believing as he did that certain of the lands that were to be included in the mortgage or trust deed from Porter A. Thompson to the plaintiff were lands which in truth and in fact were not lands that belonged to Porter A. Thompson, but were lands of the Porter Thompson Company, a corporation, and, therefore, because and by reason of the mutual mistake of the parties to the contract and because said lands were included in the list of lands which the defendant agreed to convey to Kistler as further security for Thompson's indebtedness to Kistler, the contract could not and should not be complied with or carried out. The answer further sets forth that at the time these transactions took place Kistler was aware of the fact that some of the land which he demanded as further security for Porter A. Thompson's indebtedness to him could not be included in an additional mortgage or conveyance because he, Porter A. Thompson, did not own the same, but that ownership thereof was vested, as aforesaid, in the Porter Thompson Company.

All the affirmative allegations of the defendant Thompson's answer were denied in the replication, following which the plaintiff Kistler filed a motion asking for an

order directing that the Porter Thompson Company be brought in as an additional defendant in the action on the ground that it appears from the answer of the defendant heretofore summarized that the said Porter Thompson Company claims some interest in the lands, and the plaintiff further alleges that a complete determination of the controversy cannot be had without the presence of the Porter Thompson Company, of which the defendant Porter A. Thompson is, and at all times herein, and in plaintiff's complaint mentioned was, the president and general manager and sole owner of its capital stock and assets. The court thereupon entered an order authorizing the bringing in of the Porter Thompson Company as an additional defendant in the action upon the ground that a complete determination of the controversy between Kistler and Porter A. Thompson cannot be had without its presence. Service of process was had upon Porter Thompson Company and it entered its appearance in the action by filing a demurrer to the complaint upon the ground that the facts therein stated are not sufficient to constitute a cause of action against it. In due course the demurrer of the Porter Thompson Company was heard by the court and overruled and it was given twenty days within which to answer the complaint, but it failed to comply with such order and its default for the failure was entered. Evidence of the parties was taken and at the conclusion thereof the trial court found that the plaintiff and the defendant Porter A. Thompson, as charged in the complaint, had entered into the written contract set out therein and that the same had not been changed, modified or abandoned in any way; that said contract was fairly entered into by both parties thereto, free from any fraud, hardship, mistake of fact or other matter which might render its specific enforcement unjust, harsh or inequitable; and the court further found that the plaintiff was entitled to a decree of the court granting to him

the equitable relief prayed for in the complaint so far as the same is practicable, and to such additional relief as is warranted by the evidence. And the court further found from the evidence that in consideration of the execution and delivery by the plaintiff to the defendant Porter A. Thompson of the so-called release of lands from lien of the judgment creditor, which was introduced and received in evidence in the cause, that the defendant Porter A. Thompson agreed to pay plaintiff from the proceeds of the $10,000 loan which was then being negotiated with the state of Colorado, the sum of approximately $5,300, and that plaintiff, relying on said agreement, and in part performance of the written contract set out in the complaint, executed and delivered to Porter A. Thompson a release from the judgment lien and defendant caused said release to be recorded and used in procuring a loan of $10,000 from the state of Colorado; that this loan was so procured and its payment secured by a deed of trust on the land in Lincoln county, Colorado, and that the defendant has wholly failed and refused to pay to plaintiff the said sum of approximately $5,300 and has refused to carry out or comply with any of the other terms and conditions of the written contract on his part. The court further found that the plaintiff has at all times since the making of the contract, been able and ready and willing to carry out and perform his unexecuted part thereof and has up to the present time kept and performed all the terms and conditions thereof; that by the terms of the contract the defendant Porter A. Thompson agreed to return to plaintiff the so-called "Coyle" abstracts of title and that plaintiff is entitled to their possession. As to the Porter Thompson Company the court specifically found that the defendant Porter A. Thompson, at the time of entering into the written contract with plaintiff, was president of and in charge of the management and affairs of the Porter Thompson Company, and that such corporation had full

knowledge of the terms and conditions of the contract at the time of its execution, which contract was recorded in the office of the county clerk and recorder of Lincoln county in June, 1931. The court further found from the evidence that the defendant Porter A. Thompson is insolvent, and that as to the equitable relief prayed for by the plaintiff in his complaint, plaintiff is without any full, adequate or complete remedy at law; and that as to certain lands in Lincoln county adjoining plaintiff's ranch on the north, the record title stands in the name of the Porter Thompson Company, a corporation, and the court specifically found that by the terms of the contract set out in the complaint, the plaintiff is entitled to a first lien thereon to secure to him the payment of the sum of $20,000 of the indebtedness of the defendant Porter A. Thompson to him as against the defendants Porter A. Thompson and Porter Thompson Company, a corporation, on all the right, title, interest, property and estate of both or either of said defendants at the time of the making of the written contract with plaintiff on April 21, 1931. That as to certain described lands in Otero county, Colorado, the trial court found from the evidence that Porter A. Thompson is the owner thereof and by the very terms of the written contract set out in the complaint between the plaintiff and defendant, the plaintiff is entitled to a first deed of trust thereon to be executed and delivered by the defendant Porter A. Thompson to secure to plaintiff the payment of the sum of $20,000 of the indebtedness of defendant to plaintiff, as provided in the written contract, and that by the terms thereof, as set out in the complaint, the plaintiff is entitled to a first deed of trust on the lands in Crowley county, Colorado. The court further found, in substance, that the interest, if any, which was acquired by the defendant Porter Thompson Company, which had been a party to the suit and which defaulted, is subject to, and charged with, the lien of plaintiff's judgment and his rights as herein

found under and by virtue of the contract set forth in plaintiff's complaint, and that as against both defendants Porter A. Thompson in his individual capacity and Porter Thompson Company, a corporation, the plaintiff is the owner of such rights and entitled to have his leasehold interests assigned to him as such owner.

Upon such findings of fact the court entered a decree against Porter A. Thompson and the Porter Thompson Company, a corporation, directing and requiring them to make compliance with the court's findings and decree as hereinbefore specified, and the court further provided that if Porter A. Thompson should fail to comply with such orders and requirements of the decree and judgment entered against him within a period of thirty days from the date of the decree, that plaintiff should have a first and prior lien, subject only to taxes, upon various lands described in the decree. To this final decree of the court the defendant Porter A. Thompson and the Porter Thompson Company have sued out this pending writ of error for a review of the trial court's decree.

As already stated it has been by no means a light task for this court even to determine the nature of the controversy. The best and shortest way of disposing of it, however, we think has been to give the foregoing summary which we have made as taken from the various pleadings of the parties themselves. In so far as concerns the questions of fact involved the findings and decree of the trial court may not be disturbed. There is really not much substantial controversy as to the existing facts because they are largely matters of record. In so far as concerns the oral testimony of the witnesses the trial court was in much better position to determine what the facts were than is the reviewing court and we cannot disturb its findings of fact. We think the evidence sufficiently shows that the Porter Thompson Company, so far as the questions here are concerned, is the

same as Porter A. Thompson himself, who apparently was the only stockholder of the Porter Thompson Company. We think the court did not err in requiring it to be made a party defendant. Though the Porter Thompson Company, a corporation, is named as one of the plaintiffs in error here, it has not shown error of the trial court in requiring it to be brought in as a party defendant. Indeed, the controversy between these parties could not be completely determined without its presence as a party plaintiff or defendant.

Thompson was indebted to Kistler in a large sum of money. Kistler was endeavoring to secure either its payment or to receive adequate security therefor. The record shows that he was exceedingly indulgent to the defendants and in the dilemma in which he finally found himself, he did what any intelligent man would do to try to save something out of the loans of money which from time to time he had made to the defendants. The record further shows that he was unusually lenient to his debtors. It may be true, and we are inclined to think it is, that had not business conditions so radically changed after the transactions between these parties had taken place, the defendants might have been able to extricate themselves and become relieved of their indebtedness to the plaintiff. However that may be, the plaintiff Kistler in this case is merely asserting his legal claims against the defendants and so far as we are able to determine from the record they have no valid defense thereto. The trial court was lenient to defendants in its rulings in this case and error, if any, that it may have committed during the progress of the trial were not against the defendants but against the plaintiff.

Porter A. Thompson in legal effect is the Porter Thompson Company. It seems that he is the sole owner of its stock and of its property rights, and used its corporate name at various times in carrying out transactions which are involved in this case. The Porter Thompson

Company itself is not complaining here on this review that any injury has been done to it in retaining it as a party defendant in the suit and we are unable to discover that Porter A. Thompson individually has been injured by the order of the court making it a party.

█ Considering the entire record we are satisfied that the trial court was justified by the evidence in its findings of fact in favor of the plaintiff which facts fully justified the elaborate decree which the trial court rendered. The same is, therefore, hereby in all respects affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.